**James PETERSON a/k/a Darrell Davis, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52697.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 1, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 6, 1987.

Application to Transfer Denied
Nov. 17, 1987.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Defendant was charged as a persistent offender for stealing over $150 and unlawful use of a weapon. After a lengthy and thorough examination of movant by the guilty plea court and a recommendation by the State that movant receive a suspension of sentences and that movant be placed on probation, the guilty plea court sentenced movant as follows: seven years' imprisonment for stealing with the execution of the sentence suspended and movant placed on five years' probation; five years' imprisonment for the unlawful use of a weapon to run consecutively to the stealing sentence with execution of the sentence suspended and movant placed on probation for five years. The periods of probation were to be concurrent with each other.

On May 2, 1985, movant appeared in court on a probation violation hearing to determine if he had violated conditions of his previously imposed probation. At all times herein, movant was represented by a lawyer.

Pursuant to plea negotiations, movant waived a formal hearing of his probation violation and acknowledged that he had violated the conditions thereof. The probation violation hearing court ordered the sentences previously imposed be executed. In consideration for waiving a hearing on the probation violations, movant was given credit for jail time served plus credit for an additional one year.

In his point relied on, movant asserts the Rule 27.26 court erred in failing to hold an evidentiary hearing because his guilty pleas were involuntary in that his lawyer failed to do any preparation for trial including investigation of his brother who could have testified the knife and the jacket the knife was in belonged to his brother. Further in his point relied on, movant states

the Rule 27.26 court went outside the record to find his lawyer had investigated the police report.

Movant's allegations of "his counsel's failure to do any preparation for trial" is conclusory and preserves nothing for review. His further allegation of "including investigation of his brother who could have testified that the jacket and knife allegedly involved belonged to him" was insufficient because there was no showing how this information would have aided movant's position. The knife was found in the jacket movant was wearing at the time of his arrest and was the subject of the unlawful use of weapons charge. The ownership of the jacket and knife was not an issue to the unlawful use of weapons charge. The relevant inquiry was whether movant knowingly carried a concealed weapon. Movant did not allege how the information would have helped him, nor did he show had such information been available to movant, he would not have pled guilty. *Rice v. State*, 585 S.W.2d 488, 493[3] (Mo. banc 1979).

Further, in his point relied on, movant argues the Rule 27.26 court went outside the record in order to find movant's lawyer had investigated the police report. The court's records and files of which the Rule 27.26 court took judicial notice show movant's lawyer sought the police report through discovery and the prosecutor agreed to arrange a time for the inspection of the pertinent parts of the State's files.

While the Rule 27.26 court's finding of fact that movant's lawyer read the police report is not supported by the record before this court, such a finding was unnecessary for a determination of movant's motion. As stated earlier, movant's claims were conclusory and presented nothing requiring the Rule 27.26 court to make findings concerning the merits.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.